### IN THE UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | | |
|---|---|---|
| TERRENCE HAYNES, | ) | |
| | ) | Case No. 19-CV-2296 |
| Plaintiff, | ) | |
| | ) | Judge Colin Stirling Bruce |
| v. | ) | Magistrate Judge Eric. I. Long |
| | ) | |
| FRANK ASTRELLA, et al., | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## DEFENDANTS' MOTION FOR SANCTIONS

Defendants City of Kankakee, City of Kankakee Police Officers Kenneth Lowman, Samuel Miller and Susan Wagner, Kankakee County, and former Kankakee County Assistant State's Attorneys ("ASA") Frank Astrella and Michael Jeneary (collectively "Defendants"), by their attorneys, The Sotos Law Firm, P.C., pursuant to FED. R. CIV. P. 37(b)(2)(A)(v) and this Court's inherent authority, move to dismiss Plaintiff's First Amended Complaint with prejudice as a sanction for fraudulent misconduct, and in support thereof, state:

1. In May 1999, Plaintiff fatally shot 18-year-old Cezaire Murrell. A jury rejected Plaintiff's claim of self-defense and convicted him of first-degree murder. In May 2018, the conviction was overturned by the Illinois Appellate Court and a year later, in June 2019, the charges were dismissed by the Circuit Court of Kankakee County, primarily due to an affidavit and live testimony of eyewitness Marcus Hammond ("Marcus"). Marcus swore that Defendants, two City of Kankakee police officers ("Lowman" and "Wagner") and two former Kankakee County ASA's ("Jeneary" and "Astrella"), purposely concealed Marcus's statements that Murrell was armed and lunging at Plaintiff when Plaintiff killed him. After his release, Plaintiff filed this lawsuit, alleging he was wrongfully convicted due to that misconduct, and seeking upwards of twenty million dollars as compensation for his twenty years in prison.

2. Discovery has revealed that Plaintiff's release from prison and the basis for this lawsuit are the product of a concealed bribe paid to Marcus in return for his affidavit, which plainly constitutes a fraud upon this Court, the Illinois Appellate Court, and the Circuit Court of Kankakee County. Defendants uncovered this scheme through review of recorded Illinois Department of Corrections telephone calls during which Plaintiff and his family members discussed in early 2015, a $1,000.00 payment from Plaintiff's brother, Jemiko Bates, to Marcus in exchange for his testimony. Those calls demonstrate that Plaintiff actively approved of and offered money to fund the bribe.

3. Plaintiff has benefitted tremendously from the bribery, including through the dismissal of criminal charges and receipt of a Certificate of Innocence ("COI"). But Plaintiff's use of the bribe to manufacture and advance this lawsuit in discovery now places him in the crosshairs of this Court's broad remedial powers.

4. "Bribing a witness is, of course, a sanctionable event." *HomeDirect, Inc. v. H.E.P. Direct, Inc.*, No. 10-C-812, 2013 WL 1815979, at *4 (N.D. Ill. Apr. 29, 2013). FED. R. CIV. P. 37(b)(2)(A)(v) authorizes this Court to dismiss Plaintiff's lawsuit as a discovery sanction for disclosing and relying upon an affidavit obtained through bribery and witness tampering. The Seventh Circuit has applied Rule 37 sanctions to similar misconduct, such as hiding evidence or soliciting a witness to lie at a deposition. *See Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016).

5. Apart from Rule 37, this Court "has the inherent authority to manage judicial proceedings and to regulate the conduct of those appearing before it, and pursuant to that authority may impose appropriate sanctions to penalize and discourage misconduct." *Ramirez*, 845 F.3d at 776. These powers are "governed not by rule or statute but by the control necessarily

vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991).

6. To determine the appropriate sanction, the Supreme Court has outlined three policies: "1) eliminate the prejudice to an innocent party; 2) punish the offending party; and 3) to deter future misconduct." *Larson v. Bank One Corp.,* No. 00 C 2100, 2005 WL 4652509, at *8 (N.D. Ill. Aug. 18, 2005) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 643 (1976)).

7. The Seventh Circuit has specifically held that "witness tampering is among the most grave abuses of the judicial process, and as such it warrants a substantial sanction" including dismissal. *Ramirez*, 845 F.3d at 782; *See also, Ty Inc. v. Softbelly's, Inc.,* 517 F.3d 494, 498 (7th Cir. 2008) ("[t]rying improperly to influence a witness is fraud on the court and on the opposing party."); *Quela v. Payco-Gen. Am. Creditas, Inc.,* No. 99 C 1904, 2000 WL 656681, at *7 (N.D. Ill. May 18, 2000); ("Given the extreme importance of accurate and truthful discovery, our court system must have zero tolerance for parties who seek to intentionally distort the discovery and trial process.").

8. In order to fraudulently extract millions of taxpayer dollars from Kankakee County and the City of Kankakee in the instant lawsuit, Plaintiff has been knowingly relying upon a purchased affidavit of the key witness in his case. Plaintiff's brother paid Marcus $1,000.00 for favorable, and never before heard testimony that police Defendants Lowman and Wagner and prosecutor Defendants Astrella and Jeanary all concealed Marcus's statement that Murrell was drawing his gun and lunging at Plaintiff before Plaintiff shot him dead. Marcus's purchased affidavit and testimony served as the blueprint for this lawsuit, which includes claims that Defendants fabricated Marcus's testimony and withheld exculpatory evidence under the

Fourteenth Amendment. The bribery and witness tampering was intended to and has in fact usurped the administration of justice. The use of the fraudulent affidavit has earned Plaintiff's release from prison and a COI, but his fraud upon the judicial system must end here.

9. There should be no tolerance for Plaintiff's blatant deception and only dismissal of this lawsuit will undo the prejudice to Defendants, punish Plaintiff, discourage similar conduct, and ensure that further expenditures of precious resources are not wasted. As such, the Court should dismiss Plaintiff's lawsuit, assess reasonable attorneys' fees and costs, and order such further relief as the Court deems appropriate and necessary.

10. Pursuant to Local Rule 7.1(B)(1), Defendants are contemporaneously filing a Memorandum of Law in Support of Defendants' Motion For Sanctions, which is incorporated herein, and further explains the bases for this motion for sanctions.

WHEREFORE, for the foregoing reasons and for all the reasons set forth in Defendants' Memorandum of Law In Support of Defendants' Motion For Sanctions, Defendants respectfully request this Court dismiss Plaintiff's lawsuit with prejudice, assess reasonable attorneys' fees and costs, and order such further relief as the Court deems appropriate and necessary.

Date: September 15, 2020

Respectfully submitted,

/s/ James G. Sotos
JAMES G. SOTOS, Attorney No. 6191975
*One of the Attorneys for Defendants*

James G. Sotos
Jeffrey R. Kivetz
Laura M. Ranum
THE SOTOS LAW FIRM, P.C.
141 W. Jackson Blvd., #1240A
Chicago, IL 60604
(630) 735-3300
jsotos@jsotoslaw.com

**CERTIFICATE OF SERVICE**

      I certify under penalty of perjury pursuant to 28 U.S.C.A. § 1746 that the foregoing is true and correct, that on **Tuesday, September 15, 2020**, I electronically filed the foregoing **Defendants' Motion for Sanctions** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record on the below Service List.

***Plaintiff's Attorneys:***
Andrew M. Hale
Shawn W. Barnett
Hale & Monico, LLC
53 W. Jackson Blvd.
Suite 330
Chicago, IL 60604
T: (312) 341-9646
F: (312) 341-9656
ahale@ahalelaw.com
sbarnett@ahalelaw.com

                                                /s/ James G. Sotos
                                                JAMES G. SOTOS, Attorney No. 6191975
                                                *One of the Attorneys for Defendants*